1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

11 | JOHN MARKEY, Ph.D.,                    )  Civil No. 09cv0603 L(AJB)
   |                                        )
12 |                    Plaintiff,          )  **ORDER GRANTING PLAINTIFF'S**
   |                                        )  **MOTION TO REMAND [doc. #21]**
13 | v.                                     )
   |                                        )
14 | VERIMATRIX, INC.,                      )
   |                                        )
15 |                    Defendant.          )
   |                                        )
16 | _____       )

17        Plaintiff filed his action in the Superior Court of California, County of San Diego.  After

18  two amendments to the complaint, defendant removed the case on the basis of federal question

19  jurisdiction.  Currently pending is plaintiff's motion to remand which has been fully briefed.

20  The Court finds this motion suitable for determination on the papers submitted and without oral

21  argument pursuant to Civil Local Rule 7.1(d)(1).

22        The federal court is one of limited jurisdiction.  *See Gould v. Mutual Life Ins. Co. of N.Y.*,

23  790 F.2d 769, 774 (9th Cir. 1986).  It possesses only that power authorized by the Constitution

24  or a statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  It is

25  constitutionally required to raise issues related to federal subject matter jurisdiction, and may do

26  so *sua sponte*.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998);  *see Indus.*

27  *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

28        "Any civil action of which the district courts have original jurisdiction founded on a claim

1  or right arising under the Constitution, treaties or laws of the United States shall be removable

2  without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).

3
> The Court has consistently interpreted jurisdictional statutes with an
> "arising under" qualification . . . as "giv[ing] the lower federal courts
> jurisdiction to hear, originally or by removal from a state court, only those
> cases in which a well-pleaded complaint establishes either that [1] federal
> law creates the cause of action or that [2] the plaintiff's right to relief
> necessarily depends on resolution of a substantial question of federal law."

7  *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement*,

8  524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation*

9  *Trust*, 463 U.S. 1, 27-28 (1983)); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547

10  U.S. 677, 690 (2006).

11      Consistent with the limited jurisdiction of federal courts, the removal statute is strictly

12  construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992);

13  *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of*

14  *Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is

15  any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.  "The strong

16  presumption against removal jurisdiction means that the defendant always has the burden of

17  establishing that removal is proper."  *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*,

18  903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.  "The traditional rule of

19  burden allocation in determining removal jurisdiction was meant to comport with what the

20  Supreme Court has termed "'[t]he dominant note in the successive enactments of Congress

21  relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state

22  sensitiveness, and of relieving the federal courts of the overwhelming burden of business that

23  intrinsically belongs to the state courts in order to keep them free for their distinctive federal

24  business.'"  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (2006) (quoting

25  *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941)).

26      Whether removal is proper is "determined solely on the basis of the pleadings filed in

27  state court."  *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006).  In the

28  present case, the second amended complaint asserts two state law causes of action: wrongful

1    termination in violation of public policy and breach of contract.   On its face, the complaint does

2    not show it is based on federal law.  Defendant contends however that removal was proper

3    because plaintiff's claims actually arise under federal patent and copyright law.

4           In its notice of removal, defendant supports its assertion of federal question jurisdiction

5    by reference to a list of claims that plaintiff prepared in response to a motion to compel further

6    discovery: "On February 24, 2009, Plaintiff's counsel sent a letter to Defendant's counsel

7    outlining a list of ten items of intellectual property (designs, plans, ideas, software, etc.) that

8    Plaintiff asserts Defendant used without Plaintiff's permission."  (Notice of Removal at 3, 6.)

9           This document, which is not part of plaintiff's complaint, does not and cannot support

10   removal on the basis of federal question jurisdiction.  It is a list of items plaintiff prepared in

11   response to a dispute concerning additional discovery.  Under the well-pleaded complaint rule,

12   this document cannot confer, or be considered for purposes of determining, federal question

13   jurisdiction.  *See Vaden v. Discover Bank*, 129 S.Ct. at 1272 (2009) (federal question jurisdiction

14   exists "only when the plaintiff's statement of his own cause of action shows that it is based upon

15   [federal law]") (emphasis added) (alteration in original); *California ex rel. Lockyer v. Dynegy*,

16   Inc., 375 F.3d 831, 838 (9th Cir. 2004) (the federal question "must be disclosed upon the face of

17   the complaint, unaided by the answer or by the petition for removal") (emphasis added) (internal

18   quotation marks omitted).

19          Further, consideration of this document would not only violate the well-pleaded

20   complaint rule, but also the rule that "jurisdiction must be analyzed on the basis of the pleadings

21   filed at the time of removal." *Sparta Surgical Corp. v.  National Ass'n of Securities Dealers,

22   Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).  This document was not part of the pleadings at the

23   time of removal; rather, defendant filed this document in federal court with its notice of removal.

24   "[B]ecause the propriety of removal is determined solely on the basis of the pleadings filed in

25   state court," *Williams*, 471 F.3d at 976, this document cannot confer, or be considered for

26   purposes of determining, federal question jurisdiction.

27          The second amended complaint, which is the basis for defendant's attempted removal,

28   alleges two causes of action under state law.  The state law claim for breach of contract cannot

be read to establish that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  Because the Court lacks subject matter jurisdiction, there is no basis for removal of the action.

For these reasons, plaintiff's motion to remand is **GRANTED**.  The Clerk of the Court is directed to promptly return this action, *Markey v. Verimatrix*, Case No. 37-2007-00074402-CU-WT-CTL, to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED:  July 22, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

09cv603